| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-016818-CZ<br>Hon.David J. Allen |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-0250

| Plaintiff's name(s), address(es), and telephone no(s)<br>Malin, Jeffrey | v | Defendant's name(s), address(es), and telephone no(s).<br>PORSCHE CARS NORTH AMERICA, INC. |
|---|---|---|

**Plaintiff's attorney, bar no., address, and telephone no**

Adam S. Alexander 53584
17200 W 10 Mile Rd Ste 200
Southfield, MI 48075-8200

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/6/2021 | Expiration date*<br>3/7/2022 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)          **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**EXHIBIT**
**B**

**SUMMONS**
Case No. : **21-016818-CZ**

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:      (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
. Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JEFFREY MALIN,

Plaintiff,                                                        21-      CZ

-v-

PORSCHE CARS NORTH AMERICA, INC.,

Defendant.
_____/

ADAM S. ALEXANDER (P53584)
ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste 200
Southfield, MI 48075
(248) 246-6353
_____/

**PLAINTIFF'S COMPLAINT**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

1.    Plaintiff is a resident of Bloomfield Hills, Michigan.

2.    Defendant, Porsche Cars North America, Inc. "Manufacturer"), is a Corporation authorized to do business in the State of Michigan, and at all times relevant to the instant action, was engaged in the manufacture, sale, distribution and warranty of Porsche vehicles, with its resident agent located in Plymouth, Michigan.

4.    On May 30, 2019 Plaintiff purchased a used 2017 Porsche Panamera - VIN WPOAA2A75HL100436, for $76,445.00, ("the vehicle"), from an authorized Porsche dealer, which was and is covered by Porsche's 4-year/50,000-mile basic warranty, as well as other warranties outlined below.

1

5.      The vehicle has been subject to at least ten (10) repair attempts for a defective seat belt and seat belt warning system that are potentially dangerous and hazardous.

6. The seat belt defects have been ongoing since Mr. Malin took delivery of the vehicle and remain unrepaired today.

7.      This cause arises out of the Defendants' fraud, breaches of warranty, and violations of statutes, as hereinafter set forth.

8.      Plaintiff seeks damages in excess of $25,000 and/or equitable relief, and their claims are otherwise within the jurisdiction of this Court.

### COUNT I - BREACH OF EXPRESS AND IMPLIED WARRANTIES

9.      Plaintiff incorporate by reference all facts and allegations set forth in this complaint.

10.     Defendant is a merchant with respect to motor vehicles under MCL 440.2104.

11.     The aforementioned motor vehicle purchased by Plaintiff was subject to implied warranties of merchantability under MCL 440.2314.

12.     Defendant, to induce said sale, also made certain express warranties and representations to Plaintiff, both orally and in writing and through their advertising and conduct.

13.     Said express and implied warranties and representations included, but were not limited to, the following:

   a)   Said vehicle was fit for the ordinary purposes of safe, reliable transportation;
   b)   Said vehicle was of fair or average and merchantable quality;
   c)   Said vehicle was free from defective parts and workmanship;
   d)   Said vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;
   e)   Any defects or non-conformities would be cured within a reasonable time;
   f)   In the event said vehicle was not free from defective parts or workmanship that Defendants would repair or replace same in a timely manner;
   g)   Said vehicle would pass without objection in the trade; and
   h)   Said vehicle was fit for the ordinary purposes for which such goods are used.

2

14.     Said vehicle was not as warranted and represented and is patently defective due to defective parts and workmanship, including but not limited to the seat belt and warning system defects listed above.

15.     As a result of its defects, said vehicle cannot be reasonably used by Plaintiff as a reliable and safe transportation - which was bargained for but not provided.

16.     Plaintiff has given Defendant and their authorized dealer reasonable opportunities to cure said defects and make the subject vehicle fit for its intended purpose but Defendant has been unable to do so within a reasonable time. Plaintiff has also provided Defendant with a certified "final repair" letter in accordance with Michigan's Lemon Law, however Defendant failed to take this opportunity or even respond to the letter.

·17.     As a direct and proximate result of Defendant's various breaches of warranty, Plaintiff has suffered damages, including but not limited to: the cost of the vehicle including sales tax, title and license fees, as well as a rim and tire warranty. Plaintiff will suffer future damages, including but not limited to, loss of use, car rental or cost to cover, aggravation and inconvenience, and diminished value of the subject vehicle, together with costs and attorney fees in attempting to obtain relief from Defendant's wrongful conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant, in whatever amount above $25,000 Plaintiff is found to be entitled, plus interest, costs and reasonable attorney fees.

## COUNT II - BREACH OF CONTRACT

18.     Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

19.     Plaintiff and Defendant agreed that if Plaintiff signed the necessary paperwork, provided insurance for the subject vehicle, and made the requisite payments, Plaintiff would be

3

provided with a vehicle of fair or average quality and as described in the purchase agreement and represented in promotional documents, warranty documents and the owner's manual.

20.     Plaintiff fulfilled all of the terms and obligations under the contract.

21.     Defendant have breached said contract by not providing Plaintiff with a vehicle of fair or average and reliable transportation Plaintiff was promised in exchange for the consideration paid, and not repairing the vehicle within a reasonable amount of time.

22.     Plaintiff has been harmed by the breach of the contract described above.

23.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered the damages set forth in Count I above.

WHEREFORE, Plaintiff prays for judgment against Defendant, in whatever amount above $25,000 Plaintiff is found to be entitled, plus interest, costs and reasonable attorney fees.

## COUNT III
## LIABILITY UNDER MAGNUSON-MOSS
## WARRANTY ACT (15 USC §2301 ET SEQ)

24.     Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

25.     This Court has jurisdiction to decide claims brought under 15 USC §2301 et seq, by virtue of 15 USC §2301(d)-(a).

26.     Plaintiff is a consumer as defined in 15 USC §2301(3).

27      Defendant is a supplier and warrantors as defined in 15 USC §2301(4)(5).

28.     The aforedescribed motor vehicle is a consumer product as defined in 15 USC §2301(6).

4

29.     ¯15 USC §2301(a)(1), requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time, as defined in 15 USC §2304(d).

30.     If the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of,ısuch product or part (as the case may be). 15 USC §2304(a)(4).

31.     The subject vehicle contains a defect or malfunction after a reasonable number of repair attempts, as noted above.

32.     As a result of Defendant's breaches of express and implied warranties as set forth in this'Complaint, and Defendant's failure to remedy same within a reasonable time Plaintiff has suffered the damages enumerated in Count I of this Complaint.

WHEREFORE, Plaintiff prays that this Honorable Court enter its Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's purchase price, together with incidental damages as mandated by 15 USC §2304(d), taxes, interest, out of pocket costs, court costs and actual attorney fees reasonably incurred as provided by 15 USC §2310(d)(2).

## COUNT IV – FRAUD ON THE INDUCEMENT

33.     Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

34.     Defendant intentionally and knowingly concealed, suppressed and/or omitted material facts including the standard, quality or grade of the vehicle and the presence of known defects in the subject vehicle with the intent that Plaintiff rely on Defendants' omissions. As a direct result of Defendants' fraudulent conduct, Plaintiff have suffered actual damages.

35.     Defendant knew (at the time of the sale and thereafter) that the vehicle contained known defects, and concealed the defects. To date, Defendant have not provided Plaintiff with a repair or remedy that will eliminate said defects or have otherwise not repaired the defects in a timely manner.

36.     Defendant owed a duty to disclose the defects referenced above, and the corresponding value depreciation and likelihood of excessive repairs because Defendants possessed superior and exclusive knowledge regarding the defects. Rather than disclose the defects, Defendant intentionally and knowingly concealed, suppressed and/or omitted material facts including the standard, quality or grade of the vehicle and the presence of the defects experienced by Plaintiff, in an effort to sell additional vehicles of the same year/make/model and avoid the cost of repair or replacement.

37.     The fact that the defects exposed Plaintiff to poor performance, consistent repair visits and repair attempts, lower resale value and potentially dangerous driving conditions is material because Plaintiff had a reasonable expectation that the vehicle was of fair or average quality.

38.     Plaintiff would not have purchased the but for Defendant's omissions and concealment of material facts regarding the nature and quality of the vehicle and existence of the defects or would have paid less for the vehicle had Plaintiff known.

39.     Defendant knew the concealment and suppression of material facts were false and misleading and knew the effect of concealing those material facts. Defendant knew their concealment and suppression of the defects would sell more vehicles and would discourage Plaintiff from seeking replacement or repair of the defects. Further, Defendant intended to induce

6

Plaintiff into purchasing the vehicle to discourage Plaintiff from seeking other transportation options, as well as to decrease costs and increase profits.

40.     Defendant acted with malice, oppression and fraud.

41.     Plaintiff reasonably relied upon Defendant's knowing concealment and omissions. As a direct and proximate result of Defendant's omissions and active concealment of material facts regarding the defects and associated safety hazard, Plaintiff has suffered actual damages in an amount to be determined at trial.

**COUNT V**
**VIOLATION OF MCL 257.1401, ET SEQ (MICHIGAN LEMON LAW)**
**DEFENDANT MANUFACTURER ONLY**

42.     Plaintiff incorporates by reference all heretofore mentioned facts and allegations in this Complaint.

43.     The subject vehicle has been out of service because of repairs for the requisite amount occasions for the same condition/defect, with the first such repair being within one year of the date of delivery to Plaintiff.

44.     Plaintiff have given reasonable notice and opportunity to cure as required by statute, and has otherwise complied with all other requirements of said statute, including allowance for a final repair that failed to remedy the defects.

45.     Despite demand, Defendant Manufacturer has refused to refund Plaintiff' purchase price, less the reasonable allowance for Plaintiff' use of the vehicle as required by MCL 257.1403(1), together with Plaintiff' out of pocket costs as required by statute.

WHEREFORE, Plaintiff prays that this Honorable Court enter its Order requiring Defendant to refund Plaintiff' purchase price, together with taxes, interest, costs and actual attorney fees as provided by MCL 257.1401, et seq.

7

Respectfully submitted,

**By: /s/ Adam Alexander**
ADAM S. ALEXANDER (P53584)
ALEXANDER LAW FIRM
Attorney for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353

December 6, 2021

8